**HAPIDUDIN, Petitioner,**

v.

**Eric H. HOLDER Jr.,\* Attorney General, Respondent.**

No. 05–73326.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2009.

Filed March 11, 2009.

Kaaren L. Barr, Esq., Law Offices of Karen L. Barr, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Jennifer Levings, Esq., Erika Ritt Fax, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Eric H. Holder Jr. is substituted for his predecessor, Michael Mukasey, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

Before: W. FLETCHER, GOULD and TALLMAN, Circuit Judges.

## MEMORANDUM **

Hapidudin, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), and review de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The BIA did not abuse its discretion in denying Hapidudin's motion to reopen as untimely where Hapidudin filed the motion more than a year after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within ninety days of final order of removal), and failed to submit new and material evidence of changed country conditions in Indonesia that would excuse the late filing, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty*, 381 F.3d at 945 (requiring circumstances to have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution). Moreover, Hapidudin has not shown a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.